22-1477. Good morning, Mr. Hessler. Good morning. Ms. Lexkus, can you hear us okay? I can hear you, Judge. Can everyone hear me? Yes. Thank you. Thank you. May it please the Court. I'm going to start with a Taylor issue, unless you direct me otherwise. Nothing in Taylor limits its holding to statutes that can be accomplished by threats. That is the government's position, but that is not coming from anything that is said in Taylor. Taylor is on point in this case in that the key elements of both Mr. States and Mr. Taylor's relevant convictions are that he had an attempt to commit an offense that's almost certainly a crime of violence and that he took a substantial step towards that end. And that substantial step, as the Supreme Court has recognized, doesn't require the use of force or violence. And neither of those elements require the use of force. Is it your argument that after Taylor, all attempt crimes cannot qualify for a crime of violence? Yes. So you think it's just a blanket rule that it applies across the board? I think that's what Taylor says. Taylor's reasoning... Has any circuit court agreed with that? And I'll even limit it further. Is there any circuit court that has applied Taylor to attempted murder and found that it is not a crime of violence? You're thinking of Alvarado-Linares. I think that's the only one that's... There's another one that just came out earlier this week from the 6th Circuit. I don't know what that case is. Okay. And I'm not trying to trick you. And if we want supplemental briefing or a 28-J letter, we'll ask for it. But my question is about those that have come out on the other side. I'm asking if there are any circuits that have adopted your argument with respect to attempted murder. Not that I know of. But my fundamental response to that is that whatever the other circuits have said is not binding on this case. The substantial step need not be violence. And they proceeded directly to... And then they said to know that much is enough to resolve this case. Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause. So Taylor said that it made no difference what one might say about the crime that was being attempted was. They didn't say that it was in any way significant that Hobbs Act robbery could be committed. It doesn't matter what the underlying offense is. Taylor is about the law of attempt. So I think that if the distinction that the government's making is not recognized in Taylor. So if the... How could your argument that Taylor applies to every attempt square with the language of 924C3A, which defines a crime of violence in part as having the attempted use of physical force. That seems inconsistent. Taylor makes a distinction between offenses that have attempts to use force as an element and offenses where... And attempts to commit offenses that require the use of force as an element. That's a Taylor at 20, 21, 22. 20, 21 to 22. Taylor says explicitly that the first group would qualify while the second don't. And that's essentially the discussion where Taylor rejects the holding of Hill. And Taylor says that Congress might have swept the federal crimes that require as an element the use or threatened use of force and those that constitute an attempt to commit an offense that has such an element. But that is simply not the law that we have. So is it your position that Taylor abrogates the holding in Hill? Yes, completely. I think it... And why? Well, one, Taylor... Yes, it's true. Taylor doesn't mention Hill by name, but it talks about the government's argument that prevailed in other circuits. St. Herbert. And it says that... I'm sorry, did you... You're talking about the St. Herbert case. But that's... They mentioned St. Herbert as an EG. They didn't say, we are reversing St. Hubert. They said, we are rejecting the argument that is represented by St. Hubert. And they use St. Hubert simply as an example. And St. Hubert is a case that said, and it's remarkable, we are following the Seventh Circuit's Hill case. It quotes Hill, it cites Hill, it says it's following Hill, it quotes Judge Hamilton, it cites Morris, which is the case that Hill was based on. And then Taylor rejects both St. Hubert's holding and the reasoning underlying it. So if the result and the reasoning have been rejected, then Hill has been rejected. Hill had two aspects to its reasoning, though. One was, as long as the substantive offense is a crime of violence, then an attempt is a crime of violence. And that's what St. Hubert relied on. And that's what Taylor seems to reject. But Hill also concluded that an attempt to commit a crime should be treated as an attempt to commit every element of that crime. And if every element would satisfy the crime of violence, then an attempt qualifies. I don't see how Hill undermines that piece of it. One, I think that... I don't see how Taylor... I don't think you can separate those two parts. I think that the point that you're making about that is... In Hill, it was clear there were two reasons. I would have to take a closer look at Hill. Okay. But I didn't read them as being separate, and I don't think Taylor did either. Also, recently, in the Worthing case, this court may have sort of taken a different position. Question for you, Mr. Hessler. In order to convict of attempted murder, is there a need to demonstrate a threat, use of force? Attempted use of force or the use of force for attempted murder? No. The elements of attempted murder are, I mean, apart from the jurisdictional things, intent and a substantial step. And there's nothing in the elements or the jury instructions that would require a jury to find the use of force or even the attempted use of force. The Supreme Court has found that specific intent is needed, and that is to kill in order for someone to be convicted of attempted murder under this statute. That's correct. And so to be convicted of attempted murder, which Mr. States was, you'd have to have that intent. But for the question of whether that qualifies as added crime of violence under the 924C, Taylor says intent doesn't matter, that the intent prong doesn't do anything. The intent doesn't incorporate use of force. Because we don't have much time, I do want to just take a minute to talk about the sentencing hearing, the kidnapping, and the drug trafficking as separate harms. Sure. Yikes. The fundamental problem with the district court's ruling is that it ignores the text of the guideline 3D1.2C. The guideline says when the counts embody the conduct of another count, those counts should group. This district court said if there are different harms, they can't group. That's not the right analysis. The application note creates an exception for conduct that's not closely related. But that didn't happen in this case. There was an almost complete overlap between the conduct. And it separates this from VOCO completely. Is the eight-year drug trafficking? Mr. States was involved in the drug trafficking for less than two months. 60 days. And his conduct in the drug trafficking, and this is alleged both in the indictment and how it came out of the proven trial, was that he helped kidnap the people that they got the drugs from. And then he got paid drugs out of the drugs that were taken from the kidnapping. So at the moment that he was doing the kidnapping, he was violating, that was his participation in the drug conspiracy. That was also his participation in the kidnapping. There can't be any stronger overlap than simultaneous conduct. And VOCO emphasized different times, different conduct. That's not present here. And even the district court said something about you can't have the kidnapping without the drugs. But don't we focus on the conduct, not the relatedness? That goes to substantially the same harm prong of the grouping. I think when the guidelines use the phrase, are they closely related, the question is closely related in conduct or closely related in the harms. And the guidelines uses their assault on a different occasion, of course can't prove. And the difference is really that they're different conduct and they're different times. So I think the focus is properly on the conduct. Okay. Thank you, Mr. Hesler. I'll give you a couple minutes for rebuttal. Thank you. We'll hear from the government now. May it please the court, Georgia Oetzeikes representing the United States. This court should affirm the defendant's conviction and sentence. Under seventh circuit precedent, attempted murder is a crime of violence under section 924 C's elements clause. And Taylor does not disturb that precedent. Contrary to defense counsel's position, Taylor simply does not reach all federal attempt offenses. It is difficult to read the Taylor opinion if not impossible as reaching all federal attempt offenses, even offenses that necessarily require the use of force. To adopt the defendant's position is to say that the Supreme Court adopted such a sweeping holding without expressly saying so. And yet what the Supreme Court in fact did is affirm the fourth circuit's analysis in the fourth circuit's reasoning in the fourth circuit's version of Taylor. Defense counsel spent a fair amount of time discussing St. Hubert and St. Hubert's reliance on Hill. But what's not lost on the government is that in the fourth circuit's reasoning in Taylor, it too relied on the logic of Hill. The fourth circuit specifically exempted attempted murder from its analysis. In dealing with the government's counter argument, the fourth circuit rejected the government's argument that its analysis would, quote, leave all federal attempt crimes, even attempted murder outside the scope of 924C3A. And the fourth circuit specifically said, and I quote, this is at 979F3rd 209, it says, not so. Where a crime of violence requires the use of physical force, the categorical approach produces the opposite outcome. Because the substantive crime of violence invariably involves the use of force, the corresponding attempt to necessarily involves the attempted use of force. That's the logic of Hill, that's the logic that the fourth circuit adopted in Taylor, and that's the logic that the Supreme Court adopted in affirming the fourth circuit's analysis. Ms. Alexakis, do you, you've argued that Hill wasn't overturned by Taylor, but do you agree that Taylor abrogates at least part of Hill, namely the reasoning that as long as an underlying crime of conviction is a crime of violence, that an attempt to do so is a crime of violence? It abrogates Hill to the extent that Hill was extended, for example, like in St. Hubert, to cases where the completed version of the crime could be committed through the threat of force. But it doesn't abrogate Hill's logic in cases where the completed crime requires the use of force, as is the case in murder. And we know that because Taylor is barely, very narrowly focused on crimes of violence that in their completed form, like a Hobbs Act robbery, can be completed through the threat and use of force. That's the focus of literally the opening line. Ms. Alexakis, does the Supreme Court ever get there? Do they ever get to the underlying crime? Don't they stop at the question regarding attempt? They use the fictional Adam hypothetical. And would that hypothetical not apply to an attempted murder, where the intent is there, the planning is there, you're headed to the victim's home. Before you get there, though, you're stopped. You could still establish attempted murder based on those facts. Does the sentencing enhancement apply when the threat of force or the use of force has not actually been committed? That has not happened. There hasn't been a completed murder. There's only been an attempt. And to prove an attempt, intent and a substantial step is all that's needed. Correct, Judge. But I think in that hypothetical, you would be able to prove an attempted use of force. Because what you would have is an intent to use force in the case of attempted murder and a specific intent to kill, coupled with that substantial step, which would be any number of the steps that you outlined. But because you cannot murder someone through a threat alone, the attempted murder circumstance, the attempted murder scenario, doesn't suffer from the fatal flaw that the Supreme Court identified with the hypothetical Adam in the That's my confusion, is what is the element that the government has to prove in that sense of attempted threat or attempted use of force in that hypothetical Adam? In the hypothetical Adam, where I want to make sure I understand, where Adam is attempting to commit a murder or where Adam is... The government would have to prove that hypothetical Adam had the intent to kill and that he took a substantial step toward that, toward that, toward effectuating that intent, toward that crime. And under Hill, that intent to use force, coupled with that substantial step, equals an attempted use of force, which Section 924C3A specifically allows for. The problem in Taylor with attempted Hovzack robbery is that hypothetical Adam could attempt to commit a Hovzack robbery through the mere threat of force. And so when he prepares that note... But in their example, there was no threat of force. In the example used in the Taylor case, it was exactly that. The Supreme Court said you're still able to establish an attempted Hovzack robbery even if the hypothetical Adam is stopped at the door of the bank. So there was no... You are, but it doesn't count as a crime of violence. Right? So it's because the problem is that Adam only attempted to threaten force and 924C3A provides for the use of force, the attempted use of force, the threatened use of force, but not the attempted threatened use of force. And why would that not apply to your murder, the murder context where we're driving, we're stopped at the red light before we get to the victim's house, attempted to use force, similar to fictional Adam in the Taylor case where you attempted to rob the bank. Well, because in Adam, the problem was that, the problem is that in a Hovzack robbery, you can complete that through a threat of force, but a murder cannot be completed through a threat of force. That's what the Fifth Court of Helden Hill, what Alvarado Linares explained, what Martin explained most recently in the Sixth Circuit earlier this week. And so the fatal, the weakness that's there with respect to the categorical approach with Hovzack robbery doesn't exist with respect to murder because you cannot commit a murder through a threat of force. So if Adam is stopped en route to a murder, he's at the very least stopped in the course of having attempted to use force, not attempted to have threatened to use force. And I know counsel for the defendant touched on Worthen, and I would simply say that the court's decision in Worthen does not say otherwise. Worthen, like Taylor, was focused on a crime that can be completed with a threat of force. Worthen had no occasion to address the issue that was presented in Hill, and that's at issue today, whether the attempted version of a crime, then in its completed form, whether that necessarily requires force, whether that specific type of crime qualifies as a crime of violence. With my remaining time, I'd like to touch upon the guidelines calculations. I don't believe that Mr. Corkier erred in calculating those guidelines. In this matter, the defendant's narcotics activities, his distribution of cocaine, and his manufacturing of cocaine, the cooking up of cocaine, as this court has previously found, was not closely related to his two-day kidnapping, beating, robbery, and extortion of Ramon. And for that reason, those crimes did not group under the guidelines. These are different crimes. They involve different harms. They had different victims. And under the guidelines commentary itself, the language of the guidelines, and under VUCO, they fail the basic test of being closely related. They therefore should not have grouped as the district court properly found. The defendant's position undermines the purpose of the grouping rules. They are there to prevent multiple punishment for substantially identical offense conduct. They're designed to provide incremental punishment for significant additional criminal conduct. And here, that's what we have at the end of the day. Kidnapping, beating, extorting someone, robbing them, is not substantially identical to the manufacturing and the distribution of cocaine. The kidnapping may have been a part of the group, but it's not a part of the group. And so, the two criminal activities, the two sets of criminal activities, should not have grouped as the district court found. Unless there are any further questions from the court, I'd ask that this court affirm the defendant's convictions and sentence. Thank you, Ms. Alexakis. Mr. Hessler, I'll give you two minutes. I'm going to try to make four points really quickly. First, in response to the government's suggestion that the Supreme Court made a very broad ruling without saying so, I think if you read Taylor, they did say so. And the government's suggestion is that they carved out a huge exception without saying so. And second point, yes, we agree that the Fourth Circuit did, in its underlying decision, specifically accept attempted murder and did sort of do this the way the government is thinking about it. But the Supreme Court didn't adopt the reasoning of the Fourth Circuit at all. They were much broader. Third, you asked about, aren't we taking the phrase attempt to use force out of the statute? Consider the assault. The offense of assault is formulated in a bunch of different ways, but a common formulation is a willful attempt to inflict injury upon the person of another. So that's an offense that has, as an element, attempt to use force. So those kind of offenses do exist. So if you're looking for, well, what's the operation of that language, there it is. And on the grouping, first, the conspiracy, the charges in this case, the indictment, charges the kidnappings as part of the drug conspiracy conduct. And they're factually related. That's how they got the drugs. And that's what Mr. States did. He wasn't one of the drug sellers. He wasn't a drug source. He was the guy who helped them get it by stealing it. And finally, we agree, the kidnapping conduct and the drug conduct are not substantially identical, but the point is they're taken into account via each other's guidelines. And so the guidelines are written to not increase the second time for that. Thank you, Mr. Hessler. The court will take the case under advisement.